REMI ST. ONGE *vs.* AIME FONTAINE.

MAY 27, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This action in trespass for assault was heard in the superior court where a jury returned a verdict of $4000 for the plaintiff. Thereafter the defendant's

motion for a new trial was heard and granted. The case is before us solely on plaintiff's exception to that ruling.

The defendant is the owner of a six-tenement house in Woonsocket. On November 19, 1946, when the assault is alleged to have been committed, he occupied a tenement on the first floor of that building. The plaintiff and Frank Cimerol, tenants of the defendant, occupied the two tenements on the second floor. Considerable friction, necessitating at times the intervention of the police to restore a temporary peace, existed between the tenants and the defendant over matters not material to mention here. Such friction was apparently increased when in October 1946 the defendant applied to the appropriate agency of the federal government for leave to increase the rent of his tenants because he had installed an oil-burning system to supply heat and hot water for the building.

After making the necessary changes to the boiler, the workmen placed the accumulated rubbish in cartons and left them in the cellar. In brief, the plaintiff claims that the defendant, intending to cause him physical injury, deliberately placed one of those cartons near the door to the compartment of the cellar reserved for plaintiff's use; that shortly after 6 p.m. on November 19 he went to the cellar to get an empty jug and, because of insufficient light, he fell over that carton and sustained certain injuries.

The evidence adduced to establish defendant's intentional act came from the plaintiff's wife and from Cimerol. In view of our conclusion we will refer to this testimony only in general language. The wife testified that shortly before her husband returned from work that afternoon she heard the defendant slam the doors to the cellar and to his kitchen as he said in a loud voice that he had just thrown a box of rubbish in the cellar so that the plaintiff might "eat it." When her husband came home he merely spoke to her and "went right downstairs."

A few minutes later, hearing him talking loudly to the

defendant in the entry of the first floor, she went there followed by Cimerol, who apparently was the self-appointed spokesman for the discontented tenants. Observing that her husband was injured she then, in the presence of Cimerol, accused the defendant of having made the statement that we have already mentioned. The defendant did not answer. Cimerol's testimony was substantially to the same effect. The defendant denied doing any act to injure the plaintiff.

The plaintiff rests his claim of error on certain language in the decision of the trial justice, contending that he granted defendant's motion for a new trial on the sole ground that the plaintiff, his wife and Cimerol were hostile to the defendant, and that in so doing he failed to pass his independent judgment on the evidence and the weight thereof in accordance with our well-settled rule. It is true that the trial justice in his decision from the bench laid considerable stress on such hostility, but there is also language therein indicating, at least by reasonable inference, that the credibility which he attached to the testimony of the plaintiff and his witnesses was not sufficient to establish defendant's liability for an intentional trespass.

Following a short but fair review of all the evidence and after pointing out the hostility on the part of the above-named witnesses, the trial justice said: "I think the testimony of these three people was colored, very vividly colored, by their hostility to this defendant, and when I weigh their hostility and the means they claimed were adopted to injure the plaintiff, I must reject it." When the decision is read as a whole, this language, although not as clear as it might have been, can be fairly interpreted to mean that in his independent judgment their testimony was marked with such exaggeration in view of their hostility as to affect seriously the credibility and weight thereof, and that therefore the plaintiff had failed to prove his case by a fair preponderance of the evidence. However, in

order to make certain that such interpretation of the decision was in accordance with the evidence, we have carefully read the transcript and are unable to say that the trial justice was clearly wrong in granting defendant's motion for a new trial. In such a situation, following our well-settled rule, we will not disturb his decision.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial.

*Irving I. Zimmerman*, for plaintiff.

*William A. Gunning*, for defendant.