John M. PARK

v.

FORD MOTOR COMPANY.

No. 2005–115–A.

Supreme Court of Rhode Island.

May 10, 2007.

Christopher M. Lefebvre, Esq., Pawtucket, for Plaintiff.

Shannon Pazur, Esq., pro hac vice, Adam A. Larson, Esq., for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, John M. Park, appeals from a Superior Court judgment dismissing all but one of his claims due to lack of subject-matter jurisdiction. The plaintiff contends that the hearing justice misinterpreted this Court's earlier opinion in *Park v. Ford Motor Co.*, 844 A.2d 687 (R.I.2004) (*Park I* ). In that case, we concluded that the plaintiff should be allowed to proceed in the Superior Court with his class claims under the Rhode Island Deceptive Trade Practices Act (DTPA), G.L.1956 chapter 13.1 of title 6, and that the hearing justice had erred in dismissing the plaintiff's complaint for lack of subject-matter jurisdiction; we then remanded the case to the Superior Court for further proceedings. *Park I*, 844 A.2d at 694.

With respect to the proceedings on remand, plaintiff now argues (1) that the hearing justice erred in concluding that *Park I* reinstated only the DTPA claim and (2) that the hearing justice erred in not exercising ancillary jurisdiction over plaintiff's other claims.

This case came before this Court on April 2, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Having considered the record, the briefs filed by the parties, and the oral arguments, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument. For the reasons set forth herein, we affirm in part and vacate in part the judgment of the Superior Court.

### Facts and Travel[1]

In *Park I*, 844 A.2d at 694, we held "that the class claims under the DTPA should be allowed to proceed in Superior Court, and that the hearing justice erred by dismissing the plaintiff's complaint for want of subject-matter jurisdiction." Upon remand to the Superior Court pursuant to that decision, plaintiff's motion to certify a class under the DTPA was denied on October 7, 2004. The hearing justice ruled that § 6–13.1–5.2(b) governed whether or not the class could be certified, and he con-

---

1. The facts and travel that occurred before this Court issued its opinion in *Park v. Ford Motor Co.*, 844 A.2d 687, 689–90 (R.I.2004) (*Park I)* on February 13, 2004 have not changed. Therefore, with respect to those events, we refer the reader to the Facts and Travel section of that earlier opinion. *Id.* at 689–90.

cluded that class certification would be inappropriate because the purported class failed to meet the numerosity requirement of that statute.

The plaintiff then filed a motion for reconsideration, which was denied on December 20, 2004. On January 11, 2005, an order reflecting that denial was entered. That order expressly states in pertinent part:

"Plaintiff's class claims pursuant to [§ ] 6–13.1–5.2(b) are denied. Final judgment can enter in favor of the Defendant, Ford Motor Company[,] on all other claims raised * * *."

The plaintiff filed a notice of appeal from said order on January 14, 2005. Thereafter, on January 11, 2006, we issued an order remanding the case to the Superior Court for a determination of whether or not a Super. R. Civ. P. 54(b) judgment should have been entered. Final judgment pursuant to Rule 54(b) was entered on February 23, 2006; that judgment was in favor of defendant with respect to "both the individual and class claims on Count I–Violation of the Magnuson Moss Act, Count II–Breach of Implied Warranty, Count III–Breach of Express Warranty[,] * * * Count IV–Consumer Fraud pertaining to violations of § 3 of the Michigan Consumer Protection Act[,] * * * [and] on the class claim of Count IV–Consumer Fraud pertaining to violations of R.I. Gen. Laws § 6–13.1–5.2(b)." The plaintiff filed a timely appeal from that Rule 54(b) judgment.

## Analysis

### I

The plaintiff argues that the hearing justice misinterpreted our decision in *Park I* by ruling on remand that "all [of the plaintiff's claims] but the DTPA claim

were properly dismissed for lack of subject matter jurisdiction." According to plaintiff, *Park I* clearly indicates that the Superior Court had subject-matter jurisdiction over all of the counts contained in plaintiff's complaint. We disagree.

█ Language in a decision of this Court should not be read in isolation; rather, it must be interpreted in the context of the entire opinion. *See Geaber v. Spink*, 78 R.I. 198, 204, 80 A.2d 882, 885–86 (1951) (indicating that a judicial decision should be "read as a whole, giving reasonable effect to the continuity of thought that runs through it"); *see also St. Onge v. Fontaine*, 75 R.I. 338, 340, 66 A.2d 429, 430 (1949); *Dante v. Quilietti*, 71 R.I. 4, 10, 41 A.2d 306, 309 (1945).

In *Park I*, 844 A.2d at 694, we held "that the class claims under the DTPA should be allowed to proceed in Superior Court, and that the hearing justice erred by dismissing the plaintiff's complaint for want of subject-matter jurisdiction." That language was intended to instruct the Superior Court to consider only the DTPA claims upon remand. In the analysis portion of the opinion, we expressly upheld the hearing justice's dismissal, which was based upon a lack of subject-matter jurisdiction, of all of the claims except the DTPA claims. *Id.* at 690–91. Furthermore, we expressly separated the issue of the viability *vel non* of plaintiff's DTPA claim from the issue of the viability *vel non* of all of plaintiff's other claims. *Id.* at 691. Notably, we employed starkly contrastive language: after holding that plaintiff's other claims were correctly dismissed in accordance with controlling precedent,[2] we then turned to the DTPA claim and stated: "We conclude, *however*, that the hearing justice failed to consider the viability of Park's consumer fraud claim under the

---

2.  *See Carvalho v. Coletta,* 457 A.2d 614 (R.I.    1983).

DTPA." *Id.* at 691 (emphasis added). We perceive no ambiguity in our decision in *Park I.*

Consequently, we hold that the Superior Court correctly understood our earlier decision as instructing that court on remand to consider only the viability of plaintiff's DTPA claims. Accordingly, we deny plaintiff's appeal in this respect.

## II

The plaintiff additionally contends that the hearing justice erred in not exercising ancillary jurisdiction over plaintiff's other claims pursuant to G.L.1956 § 8–2–14.[3] We disagree with that statute-based contention, but it is further our opinion that ancillary jurisdiction for plaintiff's other *individual* claims exists pursuant to Rule 18 of the Superior Court Rules of Civil Procedure.

■ Section 8–2–14(a), entitled "Jurisdiction of actions at law," provides in relevant part:

"If an action is brought in the superior court *which is within the jurisdiction conferred by this section,* the superior court shall have jurisdiction of all other actions arising out of the same transaction or occurrence, provided the other actions are joined with the action within the jurisdiction conferred by this section or are subsequently made a part thereof under applicable procedural rules." (Emphasis added.)

In *Park I,* 844 A.2d at 691, 692, we held that the Superior Court had jurisdiction over plaintiff's DTPA claims by virtue of § 6–13.1–5.2(a) and not by virtue of § 8–2–14. Consequently, the Superior Court could not acquire jurisdiction over plaintiff's other claims on the basis of the latter statute because jurisdiction over the original claim was not conferred by said statute.

■ It should be added that Rule 20 of the Superior Court Rules of Civil Procedure, which provides for the joinder of parties, also does not provide a basis for Superior Court jurisdiction over plaintiff's class claims. Rule 20(a) states in relevant part:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

The claims of the persons with whom plaintiff proposes to form a class each arose out of a separate purchase of a separate Ford truck. Accordingly, plaintiff cannot join them in this suit because their asserted right to relief does not arise out of the *same* transaction, occurrence, or series of transactions or occurrences.

■ We finally turn to Rule 18(a), which allows for the joinder of all of a plaintiff's claims. That rule provides in pertinent part:

"A party asserting a claim to relief as an original claim * * * may join * * * as many claims, legal or equitable, as *that party has* against an opposing party." (Emphasis added.)

Pursuant to this rule, the Superior Court will have jurisdiction over plaintiff's other

---

**3.** The plaintiff also contends that ancillary jurisdiction is conferred by G.L.1956 § 8–2–13, which deals with the Superior Court's jurisdiction over equity actions. However, it is our opinion that this statute is inapplicable in this situation since we conclude, as we expressly held in *Park I,* that there is no basis for plaintiff's prayer for injunctive relief because there is an adequate remedy at law and because there is no allegation of a continuing violation by defendant. *Park I,* 844 A.2d at 691.

*individual* claims if plaintiff chooses to join them to his DTPA claim. This rule does not, however, confer upon the Superior Court jurisdiction over plaintiff's *class* claims because the other proposed class members do not constitute *the same party* as plaintiff.

### Conclusion

We hold that the Superior Court will have subject-matter jurisdiction over all of the plaintiff's *individual* claims if he chooses to join them to his DTPA claim pursuant to Rule 18(a) but that it does not have such jurisdiction over the plaintiff's *class* claims. Consequently, we conclude that that part of the order of February 23, 2006 that awarded final judgment in favor of the defendant with respect to the plaintiff's *individual* claims under Count I (Violation of the Magnuson Moss Act), Count II (Breach of Implied Warranty), Count III (Breach of Express Warranty), and Count IV (Consumer Fraud pertaining to violations of § 3 of the Michigan Consumer Protection Act) was erroneous.

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court to the extent that it precluded the plaintiff from pursuing each of his individual claims, but in all other respects we affirm that judgment. The record may be remanded to the Superior Court.