CHARLES H. WARREN *et al. vs.* PROVIDENCE TOOL COMPANY *et als.*

Although the defence of the statute of limitations may be taken on demurrer to a bill in equity, it must clearly appear on the face of the bill that the claim is barred.

Hence, the rule does not apply where it is alleged in a bill that sundry payments had been made on a claim which, but for such payments, was *prima facie* barred by the statute, and for anything that appeared in the bill such payments might have been made within six years before the claim was put in suit.

Pub. Stat. R. I. cap. 155, § 13, merely limits the extent of the stockholders' liability for the corporate debts; and a bill to enforce the liability of stockholders is not demurrable because of the provisions of that section for averring a joint and several liability of the stockholders for the debts of the corporation.

BILL IN EQUITY.    On demurrer.

*January* 30, 1896.    MATTESON, C. J.    This is a bill to enforce the liability of stockholders for a debt of a corporation. The case is before us on demurrers of a number of the respondents.

The bill sets forth that on February 20, 1892, the complainants obtained a final judgment in the Court of Common Pleas for Providence county, against the Providence Tool Company, a manufacturing corporation created by the General Assembly, formerly doing business in Providence, for $79,638.68 debt, and costs of suit $15.55 ; that execution issued on the judgment, on which the officer charged with its service made

a return of *nulla bona*, and that the judgment remains in full force and wholly unsatisfied ; that the Providence Tool Company was incorporated by an act of the General Assembly at its June Session, 1847 ; that it organized under the act, and that § 6 of the act is as follows :—

"Sec. 6.    The liability of the members and officers of this corporation for the debts of the company shall be fixed and limited by, and the corporation, its members and officers, shall in all respects be subject to, the provisions of 'An Act in relation to Manufacturing Corporations,' passed at the June Session of the General Assembly A. D. 1847, in the same manner as if said company had been incorporated after said act had gone into effect."

The bill further sets forth that neither the corporation nor its officers, nor any of its members or stockholders, ever made and filed any statement that its capital stock had been paid in, in accordance with the provisions of sections 1 and 2 of the act in relation to manufacturing corporations, referred to in section 6 of the act of incorporation, or of the statutes in reënactment of those provisions ; nor has the corporation or its officers or any of its members or stockholders ever made any statement of the condition of the corporation, as required by section 9 of the act in relation to manufacturing corporations referred to, or by the statutes reënacting the provisions of that section ; and avers that all the members and stockholders of the corporation have thereby become liable and are jointly and severally liable for the debts of the corporation due and owing to the complainants, including their judgment, and liable to pay the same accordingly.

The bill sets forth a description of the several notes given to the complainants, the earliest bearing date March 31, 1879, and the latest bearing date March 11, 1882, and also a statement of a book account which became due and payable March 27, 1882, and avers that these, with the interest thereon, less payments made at sundry times on account thereof, were the basis of the judgment obtained by the complainant as stated.

Pub. Stat. R. I. cap. 155, § 22, is as follows :—

"All proceedings to enforce the liability of a stockholder

for the debts of a corporation shall be either by suit in equity, conducted according to the practice and course of equity, or by an action of debt upon the judgment obtained against such corporation, and in any such suit or action such stockholder may contest the validity of the claim upon which the judgment against such corporation was obtained, upon any ground upon which such corporation could have contested the same in the action in which such judgment was recovered."

The first ground of defence under the demurrers is that it appears by the bill that the complainants' right of action on their claims was barred by the statute of limitations at the time the action was brought against the corporation. It is doubtless true that the defence of the statute of limitations may be taken on demurrer, if it clearly appears on the face of the bill that the claim is barred. But we do not think that the rule is applicable to the case at bar, since it does not clearly appear that the claims were barred by the statute of limitations prior to the action at law in which the judgment was obtained. For, though the latest claim was a promissory note dated March 11, 1882, which matured four months later, and the judgment was not obtained until February 20, 1892, it appears by the bill that sundry payments had been made on the claims, and, for aught that appears, these may have been made within the six years prior to the bringing of the suit.

The second ground urged in support of the demurrers is that the bill avers a joint and several liability of the stockholders for the debts of the corporation under section 6 of the charter, because of the neglect to file the statements required by the provisions of the act in relation to manufacturing corporations, passed at the June Session, 1847, of the General Assembly, and the acts in reënactment of its provisions, whereas it appears, by the statutes in amendment of the act referred to, that the liability of the stockholders in manufacturing corporations is limited to the shares of the stockholders paid up to the par value thereof, and an additional amount up to but not exceeding such par value.[1] This

---

[1]Pub. Stat. R. I. cap. 155, § 13.

is a defence which goes, not to the right of the complainants to maintain their bill, but merely to the extent of the liability of the stockholders. We are of the opinion, therefore, that it is not a defence of which advantage can be taken on demurrer.

The respondents also set up the defence of laches in support of their demurrers. But the facts on which they claim that it would be inequitable to entertain the suit do not appear on the face of the bill, at least with sufficient certainty to warrant us in sustaining the demurrers and denying the relief sought. If the complainants have been guilty of laches such as to render the maintenance of the bill inequitable, the respondents can set that forth in their answers, and the court with the proofs before it will be in a better position to pass on the question than it is on these demurrers.

Demurrers overruled.

*James Tillinghast, Theodore F. Tillinghast & William R. Tillinghast,* for complainants.

*Thomas C. Greene, Stephen O. Edwards & Walter F. Angell,* for different respondents.