SUNBEAM CORPORATION *vs.* ROSS-SIMONS, INC.

JULY 24, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a bill in equity to enjoin the respondent from selling or offering for sale the complainant's products, specifically enumerated in the bill, in violation of the

provisions of general laws 1938, chapter 393, otherwise known as the Fair Trade Act. On the filing of the bill a temporary restraining order was entered and later, after a hearing, such order was continued in effect as a preliminary injunction pending a hearing of the cause on the merits. The form of the injunction was assented to by counsel for the respondent and was duly entered on May 1, 1956.

Thereafter on June 22, 1956 complainant filed a motion to adjudge respondent in contempt for violating said injunction. After a hearing in the superior court, the trial justice found as a fact that respondent had violated the injunction and he adjudged it in contempt. A decree to that effect was duly entered and respondent was therein given an opportunity to purge itself of such contempt "by ceasing to make any sales in Rhode Island at less than the prices set forth in Supplement 54 (appended hereto as Appendix A) to Sunbeam Fair Trade Contracts in the State of Rhode Island, either on the respondent's premises or otherwise, including Cash on Delivery purchases." The cause is here on respondent's appeal from that decree.

The respondent has filed twelve separate reasons of appeal, some of which are repetitious. However, we need concern ourselves with only three of them, namely, (4) that the decree appealed from is vague, uncertain and indefinite; (8) that the restraining order of April 19, 1956 which was continued in effect on May 1, 1956 is vague, indefinite and uncertain and therefore the trial justice erred in holding respondent in contempt thereof; and (12) that he erred in allowing respondent to purge itself only "by ceasing to make any sales contrary to the fair trade provisions in the State of Rhode Island either on the premises or otherwise, including C.O.D. purchases."

Those three reasons are basically predicated upon respondent's main contention that the restraining orders of April 19 and May 1 are ambiguous and therefore it cannot lawfully be adjudged in contempt thereof. The respondent also

argues that the decree appealed from is erroneous for the same reason and for the further reason that it goes beyond the prayer of the bill and the terms of the restraining order of May 1 in requiring it to refrain from making sales "either on the premises or otherwise, including C.O.D. purchases."

In reply to those contentions complainant argues that they are in effect indirect attacks upon the validity of the restraining orders of April 19 and May 1 which respondent may not lawfully make because it formally assented thereto and did not appeal therefrom. There is no merit in that argument because its premise is faulty. The respondent is not attacking the validity of those restraining orders. It is maintaining merely that they are so indefinite and uncertain that they are not enforceable in the circumstances of this case by a judgment in contempt. The fact that respondent assented to them does not preclude it from claiming that such orders submit to an interpretation which leaves it free to act as it did in selling complainant's products. That such an interpretation is different from complainant's understanding of the force and effect of those orders only goes to show that they are lacking in precision. The respondent's interpretation need not be the more reasonable one. If it is reasonable then the restraining orders are ambiguous. In such a case respondent is unquestionably within its rights in raising that issue here in its defense to an adjudication for contempt.

Is the restraining order of May 1 ambiguous? The pertinent portion thereof reads that "this respondent be enjoined from advertising, offering for sale or selling, *in its place of business at 290 Westminster Street,* Providence, Rhode Island, any products bearing Sunbeam Corporation's name or trade-marks at less than the prices stipulated pursuant to Sunbeam Retailer Fair Trade Contracts in force and effect with other retailers in the State of Rhode Island; from making any allowance, gift, rebate or concession in connection with the advertising, offering for sale or selling,

*in respondent's said place of business,* of any of said commodities at less than said prices." (italics ours)

The respondent contends that such injunction submits to two interpretations as follows: 1. That respondent is enjoined from advertising for sale in its place of business, offering for sale or selling in said place any of complainant's products at less than fair trade prices. 2. That respondent is enjoined from advertising in its place of business, selling therein, or offering to sell therein whether the sale be made therein or elsewhere, at less than fair trade prices. It contends that the first interpretation is the proper one and that the entire context of the injunction was intended to prevent any sale in its place of business or any offer to make such sale therein. It further contends that it complied with its understanding of the terms of the injunction and did not sell or offer to sell therein any of complainant's products at less than the fair trade price, but it concedes that it did make two sales at less than such price outside of its place of business.

The undisputed evidence is that Mrs. Mary Dropot and Mrs. Mary A. Little each purchased from respondent an electric frying pan at less than the fair trade price. Each sale occurred in the following manner. Mrs. Dropot went to respondent's place of business and asked for a Sunbeam frying pan. The salesman told her they had one for sale but he could not sell it there but it could be delivered at her home and sold to her there for cash on delivery. The respondent accepted Mrs. Dropot's offer to purchase the frying pan by delivering it to her the next day at her home and receiving payment at that time.

Mrs. Little's purchase was consummated under somewhat different circumstances. She went to respondent's place of business seeking a Sunbeam frying pan and offered to pay for one on delivery at her home. However, when it did not arrive she inquired of respondent the reason therefor, and was told that there was trouble with the delivery truck

but if she would come to the entrance of the store the deliveryman would deliver it to her there. She went to the store and tried to have respondent accept the money and deliver the pan to her in the store but respondent refused and told her that no sale could be made in the store and that she could get the pan only from the delivery boy who was outside at the entrance on Mathewson street. She then went there and obtained the pan from the boy after paying him the stipulated purchase price.

We are of the opinion that the terms of the injunction reasonably submit to more than one interpretation. We cannot say there was no basis for respondent's understanding that it was enjoined from doing the acts prohibited by the injunction only "in its place of business at 290 Westminster Street * * *." That may or may not be a less reasonable interpretation than complainant's understanding, but regardless of that fact the injunction cannot be deemed other than ambiguous.

The law is well settled that an injunction to be enforceable by contempt proceedings should be clear and certain and its terms should be sufficient to enable one reading the writ or order to learn therefrom what he may or may not do thereunder. 43 C.J.S. Injunctions §206 (b) (c), pp. 932, 933, and §259 (b), p. 1008. The party enjoined should not be punished for disobedience of an order which is capable of a construction consistent with innocence. 17 C.J.S. Contempt §12, p. 16.

The terms of the order should be specific, clear and precise so that one need not resort to inference or implications to ascertain his duty or obligation thereunder. *Franklin* v. *Franklin*, 26 N. J. Misc. 350, aff'd 2 N. J. 103. As the respondent must obey the order at his peril it should be clear, definite and explicit so that an unlearned man can understand its meaning. *Tierney, Inc.* v. *James*, 56 N. Y. S. 2d 8. This is a reasonable requirement, since contempt of the order may involve punishment by way of not only loss of

property but also loss of liberty. *Ketchum* v. *Edwards,* 153 N. Y. 534. In line with that view the supreme court of New Jersey has held: "It is fundamental that the order imposing a restraint should be so clear, definite and certain in its terms that the person to whom it is directed may readily know what he is restrained from doing." *State ex rel. State Board of Milk Control* v. *Newark Milk Co.,* 118 N. J. Eq. 504, 524.

The complainant, however, argues that those requirements are met in the instant case if one reads the bill of complaint in connection with the order. In support of its claim that the pleadings and the order should be read together to remove any uncertainty, it cites *Starkweather* v. *Williams,* 31 R. I. 134. That case is clearly not an authority for such a proposition. Furthermore the respondent therein was not relying upon any ambiguity in the order and was not claiming that he had complied with his interpretation of it, but was actually contending "that he was not obliged to comply with the decree in question because the same ought not to have been entered in the cause * * *." The law with reference to this matter is, in our opinion, well settled. In *State ex rel. State Board of Milk Control* v. *Newark Milk Co., supra,* it was expressly stated at page 524: "Those commanded should not be remitted to the pleadings and proofs, and required to interpret them to determine the scope and extent of the injunction." See also *Richards* v. *West,* 3 N. J. Eq. 456, and *Tierney, Inc.* v. *James, supra.*

The complainant finally contends that in any event respondent is guilty of violating the injunction under its own interpretation of it, since the delivery of the frying pan to Mrs. Little outside the entrance to its store was in effect a sale upon respondent's premises. This contention fails to recognize that the injunction specifically enjoins respondent from making a sale or selling "in its place of business * * *." The respondent interprets the quoted words literally. A

196

sale on the sidewalk outside its place of business is not in it. This may be a narrow construction of the injunction in its favor, but under the law as we understand it the respondent is entitled to rely on such a construction. Thus it has been held that a party should not be punished for disobedience of an order which is capable of a construction consistent with innocence. *North* v. *Foley,* 267 N. Y. S. 572; *National Labor Relations Board* v. *Express Publishing Co.,* 312 U. S. 426; *National Labor Relations Board* v. *Brashear Freight Lines, Inc.,* 127 F. 2d 198; *Budd Mfg. Co.* v. *National Labor Relations Board,* 142 F. 2d 922. For constructions by this court of the terms of injunctions consistent with such rule, see *Kennedy* v. *Frechette,* 45 R. I. 399, and *Jackson Furniture Co.* v. *Lieberman,* 65 R. I. 224.

In view of our conclusion that respondent has not violated the injunction of May 1, 1956, it is unnecessary for us to consider its other contention that the decree appealed from goes beyond the prayers of the bill and the terms of such injunction.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*James H. Donnelly, John B. Kelaghan,* for complainant.

*Sidney L. Rabinowitz,* for respondent.