In the Matter of Alexander L. BENTON, Appellant.

No. 4075.

District of Columbia Court of Appeals.

Argued March 7, 1967.

Decided April 6, 1967.

cide the question of admissibility when the evidence was presented. The following colloquy then occurred:

"MR. CHAPMAN: Your Honor, I believe the defendant does not have any prior usable case record. I believe counsel will ask questions eliciting an answer. At this point, I will ask the Court to instruct counsel not to.

"MR. BENTON: Is the Government going to tell me how I am suppose—

"THE COURT: I am instructing you that any prior criminal record is irrelevant and ask you not to bring it into the case.

"MR. BENTON: I object to that. It is my obligation and duty to do what is within reason to defend this defendant.

"THE COURT: I'm instructing you not to bring that up."

It was in this context, then, that the court's instruction was given. Immediately thereafter, argument of counsel was directed to the production of certain police reports and to a motion for judgment of acquittal.

Defendant took the stand and was interrogated at length by appellant regarding his background, his activities on the evening of the crime, and his contact with the police at that time. He was then asked:

"Q. Do you think that you can recognize any of the police officers if you saw them?

"A. Yes I would.

"Q. Have you ever had trouble with the police before?

"A. No.

"Q. Let me ask you, were they the same officers in the house, if you know?

"A. Yes."

Government counsel did not object to these questions, nor was any statement or warning given by the court. During closing ar-

Henry Lincoln Johnson, Jr., Washington, D.C., for appellant.

Frank Q. Nebeker, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., was on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

QUINN, Associate Judge:

This is an appeal from an order adjudging appellant guilty of contempt of court and imposing a twenty-five dollar fine. For reasons to be discussed, we reverse the judgment of the trial court.

Appellant was defense counsel in a criminal jury trial before the Court of General Sessions. Prior to the presentation of defendant's case, government counsel sought a ruling regarding the inadmissibility of certain evidence. Appellant believed that such evidence was relevant to the question of the voluntariness of an alleged admission by defendant, and a lengthy argument ensued. The court ruled that it would de-

gument, appellant stated that the defendant had never been involved with the police before, that the jury should consider that he had a clean record, and that they should not give him a criminal record by convicting him of the present offenses.

At the conclusion of the trial, the court addressed appellant as follows:

> "During the course of the proceedings I instructed you specifically on the record and asked you not to bring * * * that fact concerning the young man's record to the attention of the jury. * * * My notes reveal that you violated those instructions three times. My notes indicate that shortly after I gave you those instructions you asked this young defendant, I believe, if he was arrested by the police. In your comment to the jury you said that the young man said he had never been involved with the police and finally you said again he had a clean record, upon that point you asked the jury to have him continue that clean record."

Appellant was given an opportunity to speak and was then found guilty.

■ That the trial court had the power to punish appellant for contempt cannot be doubted. D.C.Code § 11–982(a) (Supp. V, 1966). However, to adjudge a person guilty of contempt for disobedience of an order or direction of the court, that order must be clear and unambiguous. Pincus v. Pincus, D.C.App., 197 A.2d 854, 856 (1964); see Brunton v. Superior Court, 20 Cal.2d 202, 124 P.2d 831, 833–834 (Sup.Ct.1942); Sunbeam Corp. v. Ross-Simons, Inc., 86 R.I. 189, 134 A.2d 160, 162 (1957); 17 C.J. S. Contempt § 12 (1963).

■ We cannot say that the order involved herein was free from fatal ambiguity. It was made following a lengthy argument concerning the admissibility of evidence. Indeed, government counsel did not object to the question of the defendant's prior involvement with the police because he felt it might be relevant to the issue of vol-

untariness. Furthermore, the trial judge's statement of proceedings and evidence indicates that he believed he ordered appellant not to refer to the absence of defendant's criminal record. We think it sufficient to say that an instruction not to bring up "any prior criminal record" may or may not proscribe bringing up the *lack* of any prior criminal record. This being so, without further clarification or warnings from the trial judge, and absent a record indicating a willful and knowing violation of his instructions, the conviction for contempt cannot stand.

Reversed.