September 18, 1975.

APPEAL No. 75-267. THE SCHOOL COMMITTEE OF PAWTUCKET *v.* PAWTUCKET TEACHERS' ALLIANCE *et al.*

ORDER

On September 17, 1975, a trial justice in the Superior Court found, in substance, that the defendants[1] had

(1) failed to urge the teachers in the Pawtucket school system to return to work and to end the then existing strike; and

(2) engaged in a concerted action to continue the work stoppage in the Pawtucket school system pending negotiating of a contract.

---

[1]The term "defendants" as used herein is limited to those union officers and negotiating committee members specifically named in the complaint.

Based upon those findings the trial justice adjudged the defendants guilty of civil contempt for failure to comply with a September 11, 1975 preliminary injunction, and pending their compliance therewith ordered those defendants imprisoned and further ordered that certain other union members pay a daily fine of $20. The defendants appealed and pending hearing requested us to stay the coercive features of the September 17 judgment.

The parties agree that the narrow issue before us is whether the acts upon which the contempt adjudication is predicated constituted a violation of the September 11 injunction. That injunction is in general, rather than specific, terms[2] and provides only that

---

[2]For comparison, see the injunction entered by a United States District Court in *United States* v. *United Mine Workers of America*, 330 U. S. 258, 266 n.12, 67 S.Ct. 677, 682-83 n.12, L.Ed. 884, 898 n.12 (1947).

"Now, THEREFORE, IT IS BY THE COURT this 18th day of November 1946,

"ORDERED that the defendants and each of them and their agents, servants, employees, and attorneys, and all persons in active concert or participation with them, be and they are hereby restrained pending further order of this Court from permitting to continue in effect the notice heretofore given by the defendant, John L. Lewis, to the Secretary of Interior dated November 15, 1946; and from issuing or otherwise giving publicity to any notice that or to the effect that the Krug-Lewis Agreement has been, is, or will at some future date be terminated, or that said agreement is or shall at some future date be nugatory or void at any time during Government possession of the bituminous coal mines; and from breaching any of their obligations under said Krug-Lewis Agreement; and from coercing, instigating, inducing, or encouraging the mine workers at the bituminous coal mines in the Government's possession, or any of them, or any person, to interfere by strike, slow down, walkout, cessation of work, or otherwise, with the operation of said mines by continuing in effect the aforesaid notice or by issuing any notice of termination of agreement or through any other means or device; and from interfering with or obstructing the exercise by the Secretary of the Interior of his functions under Executive Order 9728; and from taking any action which would interfere with this Court's jurisdiction or which would impair, obstruct, or render fruitless, the determination of this case by the Court:

"* * * the Pawtucket Teachers Alliance, and each and every member thereof are hereby enjoined from and after September 10, 1975, from engaging in any work stoppage or strike in the City of Pawtucket school system."

In resolving that issue it is clear that a defendant cannot be adjudged guilty of violating an order whose meaning he is unable to understand or whose provisions are so unclear, indefinite and uncertain that the person against whom it is directed, instead of being compelled to resort to implications to ascertain his duty or obligations thereunder, can readily know what he is restrained from doing. *Sunbeam Corporation* v. *Ross-Simons, Inc.,* 86 R. I. 189, 195, 134 A.2d 160 (1957).

When we construe the terms of the September 11 injunction consistently with that rule it seems to us that a defendant reasonably viewing an injunction against "engaging in any work stoppage or strike" would conclude that he was mandated to cease engaging in a concerted attempt with his fellow teachers to do any work in the Pawtucket school system. *See Pawtucket School Comm.* v. *Teachers Alliance,* 101 R. I. 243, 252, 221 A.2d 806, 812 (1966). And so reading he would, however, find nothing therein compelling him to act affirmatively by urging his fellow teachers to return to work.

Here, the trial justice found that defendants had signalled and encouraged their fellow workers to continue their work stoppage and those actions, in our judgment, clearly fall within the readily comprehensible injunctive proscriptions. That being so, we are not prepared at this stage of these proceedings to find such an abuse of discretion by the trial justice as to warrant a stay of the coercive features of the September 18 order insofar as they apply to defendants.

The fines imposed on the other union members may, however, stand on different footing. The parties who appeared before us apparently agree that those members are not parties to this action and were not cited to appear at the contempt

hearing. The plaintiff school committee has requested, and we have granted, time to file a brief on whether in these circumstances the Superior Court had jurisdiction to fine those members. The school committee has also agreed that pending the filing of that brief that portion of the Superior Court order fining the other teachers may be stayed.

Accordingly, the defendants' motion for a stay of the coercive features of the September 18 order is denied with respect to the named union officers and negotiating committee members and is granted until further order of this court with respect to the other union members.

Entered as the order of this court this 18th day of September, 1975.

By Order,

Brian B. Burns

Enter:

Thomas J. Paolino
*Associate Justice*

Mr. Justice Kelleher, with whom Mr. Chief Justice Roberts joins, concurring in part and dissenting in part. I would also stay that portion of the contempt judgment that imposes prison sentences. Individuals who are enjoined by a court, since they are under the threat of judicial punishment, are entitled to be told in clear, specific, and precise terms what is expected of them. They need not resort to inferences or implications to ascertain their duty or obligation. *Sunbeam Corp.* v. *Ross-Simons, Inc.*, 86 R. I. 189, 134 A.2d 160 (1957). The court's order must be complete and explicit in what it prohibits and what it directs.

The injunction entered against the defendants on September 11, 1975 enjoined them "* * * from now and after September 10, 1975, from engaging in any work stoppage or strike in the City of Pawtucket school system." Six days later, the

defendants who are now incarcerated appeared at the contempt hearing. As each of them testified, they were asked by the trial justice or plaintiffs' counsel if they had urged or planned to urge the members of the union to return to work. When this inquiry was first made, defense counsel contended that the preliminary injunction did not require any such action. The trial justice replied, "You don't think it did, I think it did."

As I read the terms of the injunction, it orders the union to end the strike and nowhere does it direct the union officers to exhort the rank and file to return to the classrooms.

I have no doubt that the union's officers might have been jailed for their failure to return to work. However, after reviewing the record of the contempt proceedings, I am constrained to believe that those who are presently incarcerated are imprisoned solely because of their failure to speak to the union membership and advocate a return to the classrooms. The injunction contains no such mandate.

The contempt judgment contains a finding that the present controversy falls well within the holding of *United States* v. *United Mine Workers,* 330 U. S. 258. A cursory look at the order entered in that case shows that it is far more explicit and detailed than the preliminary injunction that was entered in the Superior Court.

A court order should be obeyed. Obedience, however, cannot be demanded of something that is not specifically set forth in the order.