DECISION
Before this Court are four separate motions — three motions to dismiss and one motion to adjudge in contempt. Plaintiff Arthur J. Toegemann ("Plaintiff"), pro se, brought suit in tort against Defendants Louise Rich ("Rich"), Louis LaCascio ("LaCascio"), the City of Cranston (the "City"), and the State of Rhode Island (the "State"), seeking $12,000,000 in damages. Defendants LaCascio, the City, and the State move to dismiss pursuant to Super. R. Civ. P. 12(b)(6), on the basis that the applicable statute of limitations has expired. Defendant LaCascio further moves that Plaintiff be adjudged in contempt of a Court Order, specifically that granted by this Superior Court on December 6, 1996. Plaintiff did not file an objection to any of the aforementioned motions. However, the matter was heard on February 16, 2010, and Plaintiff was present and verbally objected to the motions. For the reasons that follow, this Court hereby grants all motions. *Page 2 
 I Facts and Travel A Motions to Dismiss
This action is the most recent in a series of actions commenced by the Plaintiff, Arthur J. Toegemann, against Defendants Louis LaCascio and Louise Rich, over the past twenty-four years. The Plaintiff's most recent Complaint, filed on November 27, 2009, is an action in tort against LaCascio, Rich, the City of Cranston, and the State of Rhode Island, seeking $12,000,000 in damages. The litigation centers around a series of events which allegedly took place in November of 1984. Count One of the Complaint is directed at LaCascio and Rich and alleges that on November 4, 1984, LaCascio and Rich "conspired to and did call the Plaintiff on the telephone and threaten to shoot him; did knowingly press a false charge of vandalism against the Plaintiff; [and] did maliciously sue the Plaintiff for $220,000." (Compl. Count 1.) Count Two, directed at the City of Cranston, alleges that in November of 1984, "the City of Cranston, by its Police Department, City Solicitor Peter Palombo, Jr. and mayor [sic] Edward DiPrete abetted Louise Rich's malicious use of process, so that the Plaintiff was accused, detained, evaluated, arraigned and convicted of malicious destruction." Id. at Count 2. Count Three, also concerning the City, alleges that in November of 1984, the City "refused to provide Plaintiff with a ballot for the national election while he was institutionalized at the Institute of Mental Health" and that the City "then recorded that the Plaintiff had voted."Id. at Count 3. Finally, Count Four — not directed at a particular party, but could be construed as being directed toward the State — alleges that in November of 1984, "Plaintiff was wrongfully lifted up off the floor by his neck and *Page 3 
rendered unconscious by an attendant during a forensic psychiatric evaluation at the Rhode Institute of Mental Health [sic]."Id. at Count 4.
Defendants LaCascio, the City, and the State moved to dismiss the present action shortly after the Complaint was filed. Defendants LaCascio and the State moved to dismiss pursuant to Superior Court Rule 12(b)(6), on the basis that the facts and allegations asserted in Plaintiff's Complaint are time barred. Defendant City moved to dismiss pursuant to Super. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6), alleging insufficient process and insufficient service of process, in addition to the statute of limitations defense.
 B Motion To Adjudge in Contempt of Court Order
On February 2, 2010, Defendant LaCascio moved to adjudge Plaintiff in contempt of a court order. Specifically, LaCascio maintains that Plaintiff's commencement of the instant action is in direct contravention of a prior Court Order dated December 6, 1996 (the "Order"). (Def. Mem. Ex. F: Protective Order). The Order restrained and enjoined Plaintiff from "filing any further actions or any motion or other pleading against [Gregory Rich, in his capacity as executor of the Estate of Louis Rich, Louis LaCascio and Carole LaCascio] pertaining to or in connection with any allegations contained in the complaint in [PC 94-4410], Providence County Superior Court C.A. Nos. 86-498 and 86-499 (consolidated), or in the complaint filed by plaintiff in the U.S. District Court (C.A. 94-067B)." Id. LaCascio seeks not only that Plaintiff be adjudged in willful contempt, but that Plaintiff be ordered to pay all attorney's fees, costs and expenses associated with the instant litigation. LaCascio also requests that this Court order Plaintiff to release and/or discharge any and all notices filed by Plaintiff in the Warwick land evidence records pertaining to LaCascio's real estate. *Page 4 
In consolidated Case Nos. 86-498 and 86-499, Plaintiff's complaint was dismissed following a non-jury trial before this Superior Court on February 5, 1991. Subsequent appeals and petitions concerning this matter, including a petition for writ of certiorari to the United States Supreme Court, were denied. (Def. Mem. 2.) During the course of litigating this matter, Plaintiff caused a notice of lien to be filed on LaCascio's property. Plaintiff was required to remove such notice of lien by court order. A motion by Plaintiff to stay the order of removal was denied. Id. at 2-3. Plaintiff also filed a district court action against LaCascio in the United States District Court for the District of Rhode Island (C.A. No. 94-067B). After determining the action to be a re-filing of a complaint previously dismissed by the District Court, the court issued an order on July 29, 1994 restraining and enjoining Plaintiff from filing further papers with the federal district court.See Def. Mem. Ex. D: District Court Order. Further appeals and petitions by Plaintiff were denied.
On December 4, 1994, this Superior Court dismissed Plaintiff's second Superior Court action, C.A. No. 94-4410, with prejudice. (Def. Mem. Ex. 6: Order for Summary Judgment.) Subsequent motions filed by Plaintiff were denied. Ultimately, the Superior Court issued the above mentioned Protective Order on December 6, 1996, restraining and enjoining Plaintiff from bringing an action stemming from the allegations common to the Complaints filed in the previously dismissed Superior Court and District Court matters. (Def. Mem. Ex. F: Protective Order.)
This matter was heard by this Court on February 16, 2010. After a thorough examination of the memoranda and supporting material submitted, as well as the arguments raised during the hearing, this matter is now ripe for decision. *Page 5 
 II Standard of Review
"The sole function of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint."McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005) (quotingRhode Island Affiliate, ACLU, Inc. v. Bernasconi,557 A.2d 1232, 1232 (R.I. 1989)) (internal quotations omitted). In determining whether to grant a Rule 12(b)(6) motion to dismiss, this Court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs."Giuliano v. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v. Howard, 784 A.2d 291, 297-98 (R.I. 2001)). Rhode Island courts have traditionally held that "a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim." Siena, M.D. et al. v. MicrosoftCorporation, 796 A.2d 461, 463 (R.I. 2002) (citing Bruno v.Criterion Holdings, Inc., 736 A.2d 99, 99 (R.I. 1999)).
Because "the sole function of a motion to dismiss is to test the sufficiency of the complaint," Palazzo v. Alves,944 A.2d 144, 149 (R.I. 2008) (quoting Rhode Island Affiliate,ACLU, Inc. v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)), the Court's review is confined to the four corners of that pleading.Barrette v. Yakavonis, 966 A.2d 1231, 1234 (R.I. 2009). "If a trial justice, in ruling on a motion to dismiss, considers matters outside the scope of the complaint, the motion is converted into a motion for summary judgment." Foley v. St. Joseph Health Servicesof Rhode Island, 899 A.2d 1271, 1278 (R.I. 2006) (quotingOuimette v. Moran, 541 A.2d 855, 856 (R.I. 1988)). *Page 6 
Although pro se litigants are not entitled to greater rights than are those represented by counsel, courts have at times allowed them greater latitude. Gary v. Stillman White Co., Inc.,522 A.2d 737, 741 (R.I. 1987) (citing Rubin v. Rubin,188 N.J. Super. 155, 159, 457 A.2d 12, 14 (1982); Rodriguez v.Mallory Battery Co.,188 Conn. 145, 149-50 n. 8, 448 A.2d 829, 831 n. 8 (1982)). Our Supreme Court has recognized that "pro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very difficult task. Consequently, our courts have often exhibited leniency and provided assistance to those litigants who have chosen to present their own cases." Id. Nevertheless, "the courts of this state cannot and will not entirely overlook established rules of procedure, `adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch.'"Id. (citing O'Connor v. Solomon,103 Conn. 744, 746, 131 A. 736, 736 (1926)).
 III Analysis A Statute of Limitations
Statutes of limitations are traditionally employed to "promote certainty and finality and avoid stale claims." Roe v.Gelineau, 794 A.2d 475, 485 (R.I. 2002). In other words, they "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."Ryan v. Roman Catholic Bishop of Providence,941 A.2d 174, 180-81 (R.I. 2008) (quoting Order of RailroadTelegraphers v. Railway Express Agency, Inc.,321 U.S. 342, 348-49 (1944)). "For the purpose of testing the sufficiency of a pleading, averments of time and place *Page 7 
are material and shall be considered like all other averments of material matter." Super. R. Civ. P. 9(f). This rule enables a defendant to raise a statute of limitations defense by motion where its applicability appears on the face of the complaint.Warren v. Providence Tool Co., 19 R.I. 360, 33 A. 876 (1896). Thus, a court may grant a motion to dismiss on the basis of an expired statute of limitations.
The limitations on general civil actions is governed by G.L. 1956 § 9-1-13(a), and reads as follows: "[e]xcept as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after." However, actions in tort against the state or any political subdivision thereof must be brought within three (3) years, pursuant to section 9-1-25.
In the present case, the facts and allegations giving rise to Plaintiff's claims against all Defendants occurred in November of 1984. See Compl. Counts 1-4. Assuming the allegations of the Complaint to be true, and in viewing the facts in a light most favorable to the Plaintiff, it is clear that Plaintiff fails to allege any actions on the part of any of the Defendants occurring subsequent to 1984 from which Plaintiff may have been harmed. Nor has Plaintiff presented this Court with any allegation or argument as to why the statute of limitations would have tolled in this matter. Thus, the limitation period in which Plaintiff could bring his claims against Defendants expired in November of 1994.See section 9-1-13.
Observance of a statute of limitations is a matter of law and not a matter of judicial discretion. Normandin v. Levine,621 A.2d 713 (R.I. 1993). Even affording Plaintiff, as a prose litigant, additional latitude, this Court can find no available exceptions to the controlling statute of limitations. Without sufficient justification to merit tolling of the limitation period, this Court *Page 8 
must find that Plaintiff's claims against Defendants are time barred and must thus grant Defendants' motions to dismiss accordingly.
 B Insufficiency of Process and Insufficiency of Service of Process
Because this Court finds Plaintiff's claims time-barred, it is unnecessary to reach Defendant LaCascio's arguments as to insufficiency of process and insufficiency of service of process.
 C Motion To Adjudge Plaintiff in Contempt of a CourtOrder
The present action commenced by Plaintiff on November 27, 2009, represents the third time Plaintiff has filed what is essentially the same suit. He first filed a complaint in October of 1986, which was prosecuted through the trial stage. The matter resulted in a non-jury trial on February 5, 1991, and was ultimately dismissed. Plaintiff pursued all available avenues of appeal, all of which were denied. In August of 1994, Plaintiff again filed essentially the same complaint, which was dismissed with prejudice on December 4, 1996. Additionally, on December 6, 1996, this Court issued a Protective Order restraining and enjoining Plaintiff from:
 "[F]iling any further actions or any motion or other pleading against the defendants named herein (Gregory J. Rich, in his capacity as executor of the Estate of Louise Rich, deceased; Louis LaCascio; and Carole LaCascio) pertaining to or in connection with any allegations contained in the complaint in the instant matter or in the complaints filed in those matters entitled `Arthur J. Toegemann v. Gregory Rich et al.,' Providence County Superior Court C.A. Nos. 86-498 and 86-849 (consolidated) or in the complaint filed by the plaintiff in the U.S. District Court (C.A. No. 94-067B)."
"A civil contempt proceeding is an appropriate vehicle to enforce compliance with court orders and decrees when attempting to preserve and enforce the rights of parties litigant." Direct Action forRights and Equality v. Gannon, 819 A.2d 651 (R.I. 2003) (citingTrahan v. Trahan, *Page 9 455 A.2d 1307, 1311 (R.I. 1983)). A complaining party can establish civil contempt on behalf of his [or her] opponent when there is clear and convincing evidence that a lawful decree has been violated. Id. Willfulness need not be shown as an element of civil contempt. Trahan, 455 A.2d at 1311 (citingMcComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)). A finding of civil contempt must be based on a party's lack of substantial compliance with a court order, which is demonstrated by the failure of a party to "employ[ ] the utmost diligence in discharging [its] * * * responsibilities." Durfee v. Ocean StateSteel, Inc., 636 A.2d 698, 704 (R.I. 1994) (quoting NaturalResources Defense Council, Inc. v. Train,510 F.2d 692, 713 (D.C. Cir. 1975)). Substantial compliance must "depend on the circumstances of each case, including the nature of the interest at stake and the degree to which noncompliance affects that interest." Id. at 705 (citing Fortin v. Commissionerof Massachusetts Department of Public Welfare,692 F.2d 790, 795 (1st Cir. 1982)).
"The law is well settled that an injunction to be enforceable by contempt proceedings should be clear and certain and its terms should be sufficient to enable one reading the writ or order to learn therefrom what he may or may not do thereunder. The party enjoined should not be punished for disobedience of an order which is capable of a construction consistent with innocence."Ventures Management Co. v. Geruso,434 A.2d 252, 255 (R.I. 1981) (quoting SunbeamCorp. v. Ross-Simons, Inc.,86 R.I. 189, 194, 134 A.2d 160, 162-63 (R.I. 1957)). "The terms of the order should be specific, clear and precise so that one need not resort to inference or implications to ascertain his [or her] duty or obligation thereunder. As the respondent must obey the order at his peril it should be clear, definite and explicit so that an unlearned [person] can understand its meaning."Id. *Page 10 
"[T]he hallmark of civil contempt [is] the ability to purge the contempt at will * * *." Durfee, 636 A.2d at 704 (citingIn re Carrie T., 516 A.2d 883, 885 (R.I. 1986). Civil contemnors carry "`the keys of their prison [cell] in their own pockets.'" Id. (citing Shillitani v. United States,384 U.S. 364, 368 (1966)). Criminal contempt punishes the contemnor for an act insulting or belittling the authority and dignity of the court, whereas in civil contempt, the purpose of the sanction imposed is to coerce the contemnor into compliance with the court order and to compensate the complaining party for losses sustained.Ventures Management Co., 434 A.2d at 254.
An examination of the December 6, 1996 Protective Order demonstrates that it is clear and certain, and that its terms are sufficient to enable the Plaintiff to understand his obligations and responsibilities pursuant to the Order. See VenturesManagement Co., 434 A.2d at 255. The Order states in explicit and definite terms that Plaintiff is restrained and enjoined from filing any action against the parties named therein in connection withany allegations contained in the complaints for the listed matters. See Def. Mem. Ex. F: Protective Order (emphasis added). Plaintiff has failed to comply with the terms of the Order. See Durfee, 636 A.2d at 704. An examination of the complaints filed in C.A. Nos. 86-498 and 86-499 (consolidated) (the "1986 Complaint") and C.A. No. 94-4410 (the "1994 Complaint") reveals allegations identical to those asserted in the instant matter against LaCascio. Specifically, the 1986 Complaint alleges a threatening telephone call by LaCascio in November of 1984, and contains allegations regarding malicious use of process by Rich and LaCascio in November of 1984. (Def. Mem. Ex. A: 1986 Complaint ¶¶ 10-13). Counts 2, 3, 4, and 5 of the 1994 Complaint also concern such allegations. (Def. Mem. Ex. B: 1994 Complaint). It is facially apparent that the claims against LaCascio in the instant 2009 Complaint concern the allegations within the 1986 and 1994 Complaints. Thus, *Page 11 
the filing of the instant 2009 action represents clear and convincing evidence that Plaintiff has failed to employ the utmost diligence in discharging his responsibilities under the Order.See Durfee, 636 A.2d at 704.
Considering the lengthy litigious history, LaCascio's interest in avoiding defense of repetitive frivolous actions, and the hardship caused to LaCascio due to Plaintiff's non-compliance with the Order, this Court finds Plaintiff in willful civil contempt. This Court awards Defendant LaCascio costs and fees, including attorney's fees, [1] and directs Plaintiff to discharge all notices filed in the land evidence records in connection with this action.
 Conclusion
Based on the aforementioned reasons, this Court hereby grants Defendants Louis LaCascio, the City of Cranston, and the State of Rhode Island's motions to dismiss. Furthermore, this Court finds Plaintiff Anthony J. Toegemann in willful civil contempt, and thus awards Defendant LaCascio costs and fees, including attorney's fees, and directs Plaintiff to discharge all notices filed in the land evidence records in connection with this action.
Counsel shall present the appropriate judgments for entry.
[1] It has been held that "[w]hen a court determines that a party willfully disobeyed a court order, it is within the hearing justice's discretion to sanction, by an award of attorney's fees, the party found to be in contempt." Sargent v. Sargent, No. PC-1429, 2009 WL 3328560 (R.I. Super. Ct. July 31, 2009) (citingNow Courier, LLC v. Better Carrier Corp.,965 A.2d 429, 436 (R.I. 2009) quoting Africano v. Castelli,837 A.2d 721, 729 (R.I. 2003)). The award, however, must be "reasonably related to the extent and willfulness of the contempt."Id. (citing Africano, 837 A.2d at 729 (quotingMoran v. Rhode Island Brotherhood of Correctional Officers,506 A.2d 542, 544 (R.I. 1986)).